UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL WEASE,

    Petitioner,

v.    Case No: 6:17-cv-2029-Orl-22EJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response," Doc. 8) in accordance with this Court's instructions. Although given an opportunity to file a Reply (Doc. 9), Petitioner did not do so. For the following reasons, the Petition is denied.

### I.    Procedural History

The Eighteenth Judicial Circuit Court in and for Brevard County, Florida charged Petitioner with aggravated battery (Count One), fleeing or attempting to elude with high speed or wanton disregard (Counts Two), and felony driving with a revoked license (Count Three). (Doc. 8-2 at 5-6). The State filed a notice of its intent to sentence Petitioner as a prison releasee reoffender ("PRR") and habitual felony offender ("HFO"). (*Id.* at 8-10). Petitioner entered a nolo contendere plea to Counts Two and Three, and the State

agreed to enter a *nolle prosequi* as to Count One. (*Id.* at 12-13). The trial court sentenced Petitioner to a twenty-year term of imprisonment for Count Two as an HFO and to a five-year term of imprisonment for Count Three. (*Id.* at 28). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed per curiam. (*Id.* at 109).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 115-31). The trial court summarily denied relief. (Id. at 147-55). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 161).

Petitioner subsequently filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (*Id.* at 165-70). The trial court denied relief. (*Id.* at 172-76). The Fifth DCA affirmed *per curiam*. (*Id.* at 283).

Petitioner filed a second Rule 3.850 motion alleging newly discovered evidence. (*Id.* at 287-304). The trial court summarily denied Petitioner's motion. (*Id.* at 335-46). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id*. at 395).

## II.  LEGAL STANDARDS

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The first task of a federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. S*ee Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated that a court should "look through" any unexplained decision "to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. *Id.* at 1192–93, 1195–96.

If the claim was adjudicated on the merits, § 2254 provides "two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). Even if the federal court concludes that

the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

B. **Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court of the United States held that "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."

III. ANALYSIS

Petitioner alleges that his plea was involuntary based on newly discovered evidence. (Doc. 1 at 4). In support of this claim, he contends he later discovered that his father, Linn Wease--the victim in this case—told Stan Riedel that he injured himself and blamed the injuries on Petitioner. (*Id.*). Petitioner asserts that had he known about the lie, he would not have entered the plea and instead would have gone to trial and been acquitted of the aggravated battery charge. (*Id.*). Petitioner also asserts that the

4

aggravated battery charge was used "to habitualize him" even though he was not adjudicated guilty of that crime. (*Id.*). Finally, Petitioner contends that the trial court erred by not holding an evidentiary hearing on his claims. (*Id.*). Petitioner raised his claims in his second Rule 3.850 motion, and the trial court summarily denied relief. (Doc. 8-2 at 335-46). The Fifth DCA affirmed *per curiam*. (*Id.* at 395).

In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56. Additionally, the Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The Eleventh Circuit Court of Appeals has held that "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991).

The written plea agreement, initialed and signed by Petitioner, provides that he was entering a guilty plea to Counts Two and Three and that Count One, the aggravated battery charge, would be nolle prossed. (Doc. 8-2 at 12-13). During the plea colloquy, Petitioner stated that he had read the plea agreement, had gone over it with his attorney, and did not need additional time to speak with counsel about the plea. (*Id.* at 18).

5

Petitioner also stated that he understood the charges and that Count One would be nolle prossed. (*Id.* at 19-20). Petitioner admitted that no one had promised him anything nor had he been forced to enter the plea. (*Id.* at 20). The parties stipulated to the probable cause affidavit and admitted that it provided a factual basis for the plea. (*Id.* at 21).

As an initial matter, the Court notes that Petitioner was not convicted of aggravated battery. The State entered a *nolle prosequi* with regard to this crime, and therefore, it is unclear how the Linn Wease's alleged lied to law enforcement about the cause of his injuries rendered the plea involuntary. Petitioner was aware when he entered his plea that Linn Wease had told law enforcement that Petitioner had hit or struck him and stabbed him with a knife. Thus, even assuming Linn Wease had been lying to law enforcement, Petitioner had knowledge of this alleged lie at the time of the plea and chose the enter the plea despite this fact.

Additionally, at the sentencing proceeding Petitioner's sister, Nina Hedley ("Hedley"), testified that Petitioner admitted to hurting their father and stated that Petitioner thought he had killed Linn. (Doc. 8-2 at 55). Petitioner testified that he and his father had argued about drugs and money, and he knew that he had "done something . . . with a knife" to hurt his father. (*Id.* at 62). Petitioner knew he had cut Linn with a knife but was unsure where on his body the injury had occurred. (*Id.* at 66). Therefore, Petitioner's claim that Linn lied about the injuries is refuted by the record. Moreover, Petitioner has not shown that his plea was involuntarily entered.

Furthermore, Petitioner cannot show that but for this newly discovered evidence that he would not have entered the plea and instead would have gone to trial. Petitioner

6

risked being convicted of aggravated battery and a lengthier sentence—thirty years as a habitual felony offender— if he did not enter the plea. *See* Fla. Stat. § 784.045(2); § 775.082; § 775.084. Contrary to Petitioner's assertions, a reasonable probability does not exist that Petitioner would have been acquitted of the aggravated battery charged based on the testimony presented at the sentencing hearing. Petitioner made a choice to enter a nolo contendere plea to avoid a third conviction and harsher sentence. Accordingly, this portion of Petitioner's claim is denied pursuant to § 2254(d).

To the extent Petitioner contends that the aggravated battery charged was used as a felony to determine his habitual felony offender status, his claim is without merit. At the sentencing hearing, the State relied on the following for Petitioner's HFO sentence: (1) a 2008 conviction for trafficking in stolen property, (2) a 2008 conviction for felony driving while license revoked, (3) 2002 convictions for dealing in stolen property, burglary of a conveyance, and grand theft, (4) a 2002 conviction for possession of cocaine, (5) a 2000 conviction for dealing in stolen property, and (6) a 2000 conviction for possession of cocaine. (Doc. 8-2 at 40-41). The trial court did not consider the nol prossed charge of aggravated battery in determining that Petitioner qualified as a habitual felony offender. Instead, the facts of the aggravated battery were set forth to give the trial judge background on the case. (*Id.* at 43).

Finally, Petitioner argues that the trial court failed to hold an evidentiary hearing on his Rule 3.850 claims. Petitioner's claim relates to a perceived error in the state post-conviction proceedings. "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not

state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)); *Carroll v. Sec'y Dep't of Corr.*, 574 F.3d 1354 (11th Cir. 2009). Petitioner's claim is unrelated to the cause of his detention, and thus habeas relief is not available to address this claim. *See Carroll*, 574 F.3d at 1354; *Spradley*, 825 F.2d at 1568. Therefore, this claim is denied. *See, e. g., Beier v. Butler*, No. 8:99–cv–754–T–27TBM, 2009 WL 189940, at *8–9 (M.D. Fla. Jan. 23, 2009) (denying claims asserting errors in the manner in which the state court conducted the post-conviction proceedings because the claims were unrelated to the cause of detention and consequently, did not state a basis for federal habeas relief).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Michael Wease (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2020.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-3 1/28